IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00344-BNB

LEROY E. VALDEZ,

      Applicant,

v.

SUSAN JONES (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 0 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Leroy E. Valdez, is a prisoner in the custody of the Colorado
Department of Corrections (DOC) who currently is incarcerated at the Colorado State
Penitentiary in Cañon City, Colorado. Mr. Valdez has filed *pro se* an amended
application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the
validity of his conviction in Jefferson County, Colorado, district court case number
98CR3147. He has paid the $5.00 filing fee for a habeas corpus action.

On March 17, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to
file within twenty days a pre-answer response limited to addressing the affirmative
defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court
remedies under 28 U.S.C. § 2254(b)(1)(A). On April 27, 2009, after being granted an
extension of time, Respondents filed their pre-answer response. On May 7, 2009,
Applicant filed a reply.

On June 30, 2009, Magistrate Judge Craig B. Shaffer ordered Respondents to supplement their pre-answer response. On July 14, 2009, Respondents filed the supplement. On July 24, 2009, Mr. Valdez submitted a supplemental reply.

The Court must construe liberally Mr. Valdez's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application in part.

In 1999, Mr. Valdez was convicted on jury verdicts finding him guilty in Jefferson County District Court case number 98CR3147 of second-degree burglary, criminal mischief, and possession of a schedule II controlled substance. The trial court adjudicated him as an habitual criminal and sentenced him to forty-eight years of imprisonment in the DOC. On May 16, 2002, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Valdez*, No. 99CA2509 (Colo. Ct. App. May 16, 2002) (not published). On November 18, 2002, the Colorado Supreme Court denied certiorari review.

On February 3, 2003, Mr. Valdez filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On August 21, 2006, the trial court granted the motion, ordered a new trial as to counts one (burglary) and two (criminal mischief), and denied the motion as to count three (possession of a schedule II controlled substance). The trial court set aside the burglary and criminal mischief convictions based upon its findings and conclusions that trial counsel

2

should have made more of an effort to locate the tenants of the burglarized apartment building and secure their attendance at the trial, and that counsel also provided ineffective assistance by introducing into evidence Mr. Valdez's DOC identification card. The trial court also found that there was a reasonable probability of a different outcome absent the ineffective representation. *See People v. Valdez*, No. 06CA2073, slip op. at 3-4 (Colo. Ct. App. July 24, 2008) (not published). On July 24, 2008, the Colorado Court of Appeals affirmed. *See id.* On November 19, 2008, the Colorado Supreme Court denied certiorari review.

On February 6, 2009, Mr. Valdez filed a motion to dismiss the remaining count three (possession of a schedule II controlled substance), which the trial court denied on March 13, 2009. Applicant does not appear to have appealed from the denial.

On February 18, 2009, Mr. Valdez submitted his original application. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

In his amended application, Mr. Valdez asserts five claims:

> (1) that his Fourth Amendment right to be free from an illegal search and seizure and warrantless arrest were violated;
>
> (2) that his Fifth Amendment rights were violated when the police questioned him without reading his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966);
>
> (3) that his Sixth Amendment right to the effective assistance of counsel and self-representation were violated;

3

> (4) that his Eighth Amendment right to be free of
> cruel and unusual punishment is being violated; and
>
> (5) that his Fourteenth Amendment rights to due
> process and equal protection were violated because his
> conviction was based upon insufficient evidence.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state

remedies or that no adequate state remedies are available or effective to protect the

applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v.*

*Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion

requirement is satisfied once the federal claim has been presented fairly to the state

courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation

requires that the federal issue be presented properly "to the highest state court,

either by direct review of the conviction or in a postconviction attack." *Dever*, 36

F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have

been presented to the highest state court in order to satisfy the fair presentation

requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v.*

*Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not

require a habeas corpus petitioner to cite "book and verse on the federal

constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not

enough that all the facts necessary to support the federal claim were before the

state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim

must be presented as a federal constitutional claim in the state court proceedings in

4

order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A review of Mr. Valdez's opening and reply briefs on direct appeal reveals that only one of the asserted claims, the sufficiency-of-the-evidence portion of claim five, was raised on direct appeal. The remaining claims, if raised at all, were raised either in the Colo. R. Crim. P. 35(c) motion or the motion to dismiss the remaining count three (possession of a schedule II controlled substance). For the reasons stated below, the Court finds that Mr. Valdez only exhausted claim two, the self-representation portion of claim three, and the sufficiency-of-the-evidence portion of claim five.

As his first claim, Mr. Valdez contends that his Fourth Amendment right to be free from an illegal search and seizure and warrantless arrest were violated because the police did not have probable cause to arrest him. He raised this claim for the first time in the motion to dismiss the possession count, which the trial court denied on March 13, 2009. Respondents argue that he does not appear to have appealed from the denial, *see* pre-answer response at 3, 10; *see also* pre-answer response,

ex. A at 16, and, in his filings, Mr. Valdez does not allege otherwise. Therefore, he failed to exhaust his first claim.

As his second claim, Mr. Valdez contends that his Fifth Amendment rights were violated when the police questioned him without reading his *Miranda* rights. He raised this claim as a federal constitutional claim in the appeal from the denial of his Colo. R. Crim. P. 35(c) motion. *See* supplement to pre-answer response, ex. B(2) at 10. Therefore, he exhausted his second claim.

As his third claim, Mr. Valdez contends that his Sixth Amendment right to the effective assistance of counsel and self-representation were violated. He asserts that a successful claim of ineffective assistance of counsel is subject to the "all or nothing rule" and that his entire representation was defective. Amended application at 6, *see also* attachment C at 1. Mr. Valdez raised a version of the "all or nothing" claim for the first time in his motion to dismiss the possession count. Pre-answer response, C at 3. Therefore, he failed to exhaust the ineffective assistance of counsel claim. Mr. Valdez raised the self-representation claim in the appeal from the denial of his Colo. R. Crim. P. 35(c) motion. *See* supplement to pre-answer response, ex. B(2) at 17. The self-representation claim is exhausted.

As his fourth claim, he alleges that his Eighth Amendment right to be free of cruel and unusual punishment is being violated because his conviction, apparently referring to his burglary and criminal mischief convictions, had been reversed on the basis of ineffective assistance of counsel, and yet he remains imprisoned as a result

6

of the deficient representation.  Mr. Valdez failed to raise this claim on appeal and, therefore, the claim is unexhausted.

As his fifth and final claim, he alleges that his Fourteenth Amendment rights to due process and equal protection were violated because the evidence presented was insufficient to convict him at trial.  He specifically asserts that (a) probable cause did not exist to warrant a trial because no victims or witnesses were present at the preliminary hearing, (b) the arrest and search were invalid, (c) his statements were fruits of an invalid arrest and in violation of his Fifth Amendment rights, (d) the evidence of drugs was obtained as a result of an unlawful arrest and seizure, and (e) the field test used at trial is not valid, scientific evidence.

The Court has reviewed Mr. Valdez's briefs on postconviction appeal, and finds that, although he makes brief and repeated references to sufficiency of the evidence being a constitutional issue, *see* supplement to pre-answer response, ex. B(2) at 9, 10, 19, and 20, *see also* ex. C(2) at 2, he failed to raise any due process or equal protection claim based on allegedly insufficient evidence to the state appeals court.  He appears to have raised parts of subsections (b), (d), and (e) in his motion to dismiss the possession count.  Therefore, except for the sufficiency-of-the-evidence portion of claim five, he failed to exhaust his fifth claim.

In summary, Mr. Valdez appears to have exhausted claim two, the self-representation portion of claim three, and the sufficiency-of-the-evidence portion of claim five.  He appears to have failed to exhaust claim one, the ineffective-assistance-of-counsel portion of claim three, claim four, and the due process and equal protection portions of claim five.

7

Although Mr. Valdez failed to exhaust state court remedies for claims one, part of three, four, and the majority of five, the Court may not dismiss these claims for failure to exhaust state remedies if Mr. Valdez no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claims would be denied as successive under Colo. R. Crim. P. 35(c) because they could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. Rev. Stat. § 35(c)(3)(VII). Therefore, the claims that Mr. Valdez failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Valdez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Valdez must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United*

8

*States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Valdez first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. Mr. Valdez then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Valdez fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Valdez has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the claims Mr. Valdez failed to exhaust, i.e., claim one, the ineffective-assistance-of-counsel portion of claim three, claim four, and the due process and equal protection portions of claim five, are procedurally barred, and will be dismissed. Accordingly, it is

ORDERED that unexhausted claim one, the ineffective-assistance-of-counsel portion of claim three, claim four, and the due process and equal protection portions of claim five are dismissed as procedurally barred. It is

9

FURTHER ORDERED that exhausted claim two, the self-representation portion of claim three, the sufficiency-of-the-evidence portion of claim five, and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 20 day of _____ Aug. _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  09-cv-00344-BNB

Leroy Valdez
Prisoner No. 54900
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8|20|09

GREGORY C. LANGHAM, CLERK

By: _____
                  Deputy Clerk