**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00344-CMA-BNB

LEROY E. VALDEZ,

    Applicant,

v.

SUSAN JONES, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER AFFIRMING PARTIAL DISMISSAL OF HABEAS PETITION

This matter comes before the Court on Applicant Leroy E. Valdez's Motion to Reconsider Order Dismissing Claims Due to Procedural Default Dated August 20, 2009 (Doc. # 27) and Supplement to Motion (Doc. # 29). Having conducted the requisite standard of review, and for the reasons stated below, this Court AFFIRMS Senior Judge Zita L. Weinshienk's August 20, 2009 Order (hereinafter, the "J. Weinshienk Order") (Doc. # 23) dismissing, in whole or in part, certain claims asserted in Applicant's Amended Application for Writ of Habeas Corpus (Doc. # 7).

### **RELEVANT FACTS**

In 1999, a jury in Jefferson County District Court found Applicant guilty of second-degree burglary, criminal mischief, and possession of a Schedule II controlled substance. He was adjudicated as a habitual criminal and sentenced to forty-eight

years in prison. The Colorado Court of Appeals affirmed his conviction; the Colorado Supreme Court denied Applicant's petition for certiorari review.

### A.     MOTION FOR POST-CONVICTION RELIEF

On February 3, 2003, Applicant filed a Motion for Post-Conviction Relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure (hereinafter, the "35(c) Motion") asking the state district court (Jefferson County) to vacate the judgment or, in the alternative "to appoint conflict free counsel". (Doc. # 21-2 at 2[1]). In pertinent part, Applicant contended that his Fifth, Sixth, and Fourteenth Amendment Constitutional rights were violated leading up to and during the course of trial. First, Applicant argued that his Fifth, Sixth, and Fourteenth Amendment constitutional rights were violated because his conviction was predicated on an unconstitutionally obtained confession.[2] (*Id.* at 9, 12). Applicant also argued that because he was not advised of his Fifth Amendment rights, his Sixth Amendment right to counsel was violated. (*Id.* at 12). Applicant further argued that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated. (*Id.* at 6). In particular, Applicant argued that his attorney failed to: (a) investigate and prepare his case; (b) failed to interview and compel the attendance of witnesses; (c) failed to seek independent testing of the alleged controlled substance at issue; (d) failed to file motions *in limine* concerning

---

[1] All noted page numbers are references to the page number notations imprinted at the top of each page by the ECF docketing system.

[2] Applicant contends that police officers obtained his confession *before* they advised him of his *Miranda* rights.

Applicant's possession of a Department of Correction identification card and elicited testimony about the identification card; (e) failed to file defense jury instructions; and (f) failed to raise objections at trial or conduct effective cross examination. (*Id.* at 16-22). Applicant also argued that his Fourteenth Amendment rights were violated because a judge, not the jury, rendered a decision regarding Applicant's status as a habitual criminal. (Doc. # 21-2 at 9, 27-32.) Finally, although Applicant did not specifically assert a violation of his Eighth Amendment rights, the Court interprets the following statement as implicating an Eighth Amendment claim, "[that Applicant] has a present need to challenge [his conviction] because he is currently confined under this judgment, and his liberty curtailed by it." (*Id.* at 8).

On August 21, 2006, the state district court issued an order granting in part and denying in part Applicant's 35(c) Motion (the "August 21, 2006 Order") (Doc. #14-3). The court granted Applicant a new trial on the burglary and criminal mischief counts on grounds that trial counsel should have made more of an effort to locate and secure the attendance at trial of certain witnesses and that trial counsel introduced prejudicial evidence concerning Applicant's Department of Correction(s) identification card. (*Id.* at 10-12). The court upheld the possession count on grounds that no reasonable probability existed that the outcome would have differed had trial counsel met the standard of care. (Doc. # 14-3 at 12-13.)

The prosecution appealed the state district court's reversal of the burglary and criminal mischief convictions. Applicant filed a cross-appeal of the district court's denial

of his 35(c) Motion related to the possession conviction. (Doc. # 21-3.) In his cross-appeal, Applicant again contended that his Fifth, Sixth, and Fourteenth Amendment rights were violated as a result of events prior to and during the course of trial. In particular, Applicant contended that his Fifth Amendment right was violated when officers did not have him sign a waiver of his rights until *after* they interrogated him. (Doc. # 21-3 at 12.) Applicant reasserted his contention that his trial counsel's ineffective assistance violated his Sixth Amendment right. (*Id.* at 13.)[3] Applicant also alleged a Sixth Amendment violation resulting from the trial court's denial of his request to represent himself at an evidentiary hearing for the 35(c) Motion. (*Id.* at 19.) Applicant further contended that his Fourteenth Amendment rights were violated as a result of the Sixth Amendment violations. (*Id.* at 20). Applicant also raised the following new arguments, *i.e.*, these arguments were not raised in his 35(c) Motion: (a) the "Court has bent of mind," meaning that "[t]he judge has acted to protect [the judge's] interest and his conduct gives the appearance of impropriety." (*Id.* at 23-24); (b) the court erred in limiting counsel's appointment on the 35(c) Motion (*Id.* at 18-19); and (c) the state district court departed from the correct standard of proof, when it failed to set aside the convictions. (*Id.* at 20-23.)

On July 24, 2008, the Colorado Court of Appeals resolved the prosecution's direct appeal by affirming the state district court's reversal of the burglary and criminal

---

[3] While Applicant did not specifically identify this as a Sixth Amendment issue, he did recognize it as arising under the constitution and cited to *United States v. Cronic*, 466 U.S. 648 (1984), which discusses the Sixth Amendment right to effective assistance of counsel.

mischief convictions. The Court of Appeals did not address the issues raised in Applicant's cross-appeal (Doc. # 14-11). On November 19, 2008, the Colorado Supreme Court denied Applicant's petition for certiori review. (Doc. #14-2 at 15.)

**B.  APPLICANT'S STATE COURT MOTION TO DISMISS COUNT III (POSSESSION OF A CONTROLLED SUBSTANCE)**

On February 6, 2009, Applicant filed, in state district court, a Motion to Dismiss the remaining controlled possession count. (Doc. # 14-4.) Applicant's Motion was based on four grounds: (1) the trial court had set aside the burglary and criminal mischief counts and "the asserted counts rise and fall together"; (2) the field test used on the controlled substance is inadmissible in trial court; (3) Applicant's attorney and the district attorney's reference to the substance as "drugs" at trial was prejudicial; and (4) an attorney was forced on him for the 35(c) evidentiary hearing, even though he sought to represent himself, and the 35(c) attorney was ineffective. (*Id.* at 4-5.) The state district court denied Applicant's Motion and there is no evidence that Applicant appealed the decision.[4]

**C.  APPLICANT'S ORIGINAL HABEAS PETITION**

On February 18, 2009, Applicant filed his original application for writ of habeas corpus ("Original Habeas Application") asserting the following claims:

---

[4] Under Colo. App. Rule 4(b), Applicant must have filed his appeal within 45 days of the state district court's denial of his Motion to Dismiss. The court denied his motion on March 13, 2009; his appeal was due on April 27, 2009.

       1.     Unconstitutionally obtained confession in violation of the Fifth, Sixth, and Fourteenth Amendments;

       2.     Ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments;

       3.     Fourteenth Amendment violation of due process and equal protection (because "the district court is interested in the case");

       4.     District court is interested in the case;

       5.     Denial of Applicant's Sixth Amendment right to represent himself in the evidentiary hearing for the 35(c) Motion and ineffective assistance of counsel, both of which contributed to a Fourteenth Amendment violation.

(Doc. # 1).

### D.    APPLICANT'S AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS

On March 13, 2009, Applicant filed an Amended Application for Writ of Habeas Corpus ("Amended Habeas Application") asserting the following claims:

       1.     Fourth Amendment violation arising from an illegal search and seizure and warrantless arrest. In particular, Applicant contends that he was arrested for burglary without probable cause or warrant;

       2.     Fifth Amendment violation arising from the officers' interrogation of him *before* they advised him of his *Miranda* rights;

       3.     Sixth Amendment violation arising from ineffective assistance of counsel and the denial of his request to represent himself in the evidentiary hearing for the 35(c) Motion;

       4.     Eighth Amendment violation arising from his continued confinement for the possession of a controlled substance count, even though the burglary and criminal mischief charges have been vacated.

       5.     Fourteenth Amendment violation arising from (a) the insufficient evidence used to convict Applicant of the controlled possession count and (b) the "Court's interest". In support of the court's

>     alleged bias, Applicant contended that the judge let the controlled
>     possession conviction stand, despite being aware of the possible
>     *Miranda* violation and after having reversed the other two
>     convictions.  Applicant also argued that the judge's denial of
>     Applicant's various motions for a loan of record, investigators,
>     expert witness services, and the judge's forcing lawyers upon
>     him underscores the judge's bias.

(Doc. # 7).

## E.   ORDER DISMISSING IN PART THE AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS

On August 20, 2009, Senior Judge Zita L. Weinshienk ordered the partial dismissal of the Amended Application for Writ of Habeas Corpus on grounds that the dismissed claims were not fully exhausted.  In particular, Judge Weinshienk dismissed Applicant's first claim (Fourth Amendment violation stemming from his arrest for burglary, which he contends was without probable cause), the ineffective assistance of counsel portion of the third claim (Sixth Amendment violation), the fourth claim (Eighth Amendment violation stemming from his continued incarceration for the criminal possession count), and the due process and equal protection portions of the fifth claim (Fourteenth Amendment violation).  With respect to Applicant's failure to exhaust the aforementioned claims and his consequential procedural default, Judge Weinshienk noted that Applicant failed to establish that his default was excused "through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  (Doc. # 23 at 8) (citing *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998)).  Judge Weinshienk issued the Order after reviewing the parties' pre-Answer submissions and supplement to those submissions.  (Doc. # 14, 21, and 22.)

On September 4 and September 11, 2009, Applicant filed a Motion to Reconsider the J. Weinshienk Order and Supplement to the Motion (Doc. #27, 29). In pertinent part, Applicant objects to Judge Weinshienk's findings that certain of his claims were unexhausted and that Applicant failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Applicant further objects to the J. Weinshienk Order to the extent that it overlooks claims that further supplement his Amended Application.[5] To the extent any claims were unexhausted, Applicant asks the Court to excuse his procedural defaults because, as a *pro se* Applicant, he is "a layman of the law with a tenth grade high school education" and the complicated nature of the practice of law is exacerbated by his attention deficit disorder. (Doc. # 27 at 7.) For the reasons stated below, Applicant's Motion to Reconsider and Supplement are DENIED.

## DISCUSSION

### I. STANDARD OF REVIEW

"The court possesses discretion whether to grant [Applicant's] motion to reconsider." *Bosch v. McKune*, No. 05-3046, 2006 WL 1007257, at *2 (D. Kan. Apr. 17, 2006) (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 (10th Cir. 2000)). A motion for reconsideration filed within ten days of judgment is considered

---

[5] In his Motion to Reconsider, Applicant contends that he further supplemented his Amended Application by adding the following claims: Claim 6: Constructive denial of effective assistance of counsel; Claim 7: Interested Court; Claim 8: Conspiracy pursuant to 42 U.S.C.A. § 1985(2)(3). (Doc. # 27 at 1, 6.) Though Magistrate Judge Boyd N. Boland previously granted Applicant's request to further supplement his Amended Application (Doc. # 18), Applicant does not appear to have actually filed a further amended Application. Accordingly, J. Weinshienk's failure to consider these added claims does not amount to manifest error of law under Fed. R. Civ. P. 59(e).

a Rule 59(e) motion.  *See Hatfield v. Bd. of County Comm'rs. for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  An abuse of discretion standard of review applies to Rule 59(e) motions, which means that the motion will only be granted to correct manifest errors of law or to present newly-discovered evidence.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).  In the instant case, Applicant timely filed the Motion to Reconsider on September 4, 2009, ten days from the August 20 issuance of the J. Weinshienk Order, plus three days pursuant to Fed. R. Civ. P. 6(d) and excluding intermediate weekends.

## II.     APPLICANT'S MOTION TO RECONSIDER AND SUPPLEMENT TO MOTION

"[A] motion to reconsider is not a vehicle to recast arguments that the court already has rejected."  *Bosch*, 2006 WL 1007257, at *3.  Further, "[a] district court does not abuse its discretion in denying a motion to reconsider where the petitioner simply revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court."  *Hilliard v. District Court of Comanche County*, 100 Fed. Appx. 816, 819 (10thr. 2004) (internal quotations omitted).

Upon review of the parties' pre-Answer submissions, attached exhibits, and Applicant's Motion to Reconsider and Supplement to the Motion, the Court finds no manifest errors of law or newly-discovered evidence that would warrant a result other than partial dismissal of Applicant's Amended Habeas Application, as set forth in the J. Weinshienk Order.

Though Applicant appears to rehash a number of arguments he presented in his Amended Habeas Application (Doc. # 7) and Reply to Pre-Answer Order (Doc. # 22), Applicant's Motion to Reconsider does purport to raise new arguments concerning whether a failure to exhaust certain claims is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice.

Liberally construing Applicant's Motion, Applicant appears to argue that his failure to fully exhaust any claims is the result of excusable litigation mistake. "[T]he burden is on the state prisoner bringing a 2254 action to raise all federal constitutional claims in state trial court and if that court rules against the petitioner, he must present the same claim on appeal." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (discussing *Smith v. Digmon*, 434 U.S. 332 (1978) and *Picard v. Connor*, 404 U.S. 270 (1971)). A petitioner does not fairly present a constitutional claim to the state courts merely because "all the facts necessary to support the federal claim" were before the state courts, or because a "somewhat similar" claim was brought in the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citations omitted). Instead, a petitioner must have presented a "virtually identical" claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam) (finding that "mere similarity" of claims is insufficient to exhaust). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*). Applicant's *pro se* representation does not exempt him from these requirements. *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### A. Applicant's Default/Failure to Exhaust Certain Claims is Inexcusable

As the August 20 Order duly noted, "federal courts 'do not review issues that have been defaulted in state court on an independent and adequate state procedural ground unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice.'" *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998); *see also Coleman v. Thompson*, 50 1 U.S. 722, 749-750 (1991). (Doc. # 23 at 8.)  In order to show cause, Applicant must show "that some objective factor external to the defense impeded [ ] efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Examples of objective factors include (a) that a factual or legal basis for a claim was not previously available or (b) there was interference by officials. *Id.* at 488.

Contrary to Applicant's assertions, the Court finds that Applicant's failure to exhaust claims is not excusable.  Applicant asks the Court to "extend [him] a little latitude" since he is a "layman of the law with a tenth grade high school education" and "suffers from attention deficit disorder". (Doc. # 27 at 7.)  However, Applicant's *pro se* representation neither exempts him from the exhaustion requirements nor from demonstrating cause and actual prejudice or demonstrating that a fundamental miscarriage of justice will result.  *Lepiscopo*, 38 F.3d at 1130 (affirming dismissal of habeas petition where petitioner failed to exhaust his state court remedies).

In his Motion to Reconsider, Applicant disputes Judge Weinshienk's findings that Applicant failed "to argue any basis for a finding of cause and prejudice or a

11

fundamental miscarriage of justice in this action." Applicant appears to contend that he was prejudiced in this action as a result of his attorney's constitutionally ineffective assistance and the trial court's having limited the scope of his appointed lawyers' representation. (Doc. # 27 at 2, 3.) Applicant also appears to contend that the ineffective assistance of counsel alone should be reason to excuse his procedural default. (*Id.* at 5.)

Applicant has not demonstrated cause for the default and actual prejudice. Applicant's reliance on his attorney's ineffective assistance or the court's limited appointment of attorneys is misplaced. Though Applicant may have had legal representation at certain points in the litigation of this matter, Applicant filed the briefs at issue (*e.g.*, the Motion to Dismiss, Doc. # 14-4; the Motion for Post-Conviction Relief, Doc. # 21-2; and the Appeal of the Post-Conviction Motion, Doc. # 21-3) on his own. Applicant also filed the Original and Amended Habeas Applications on his own. (Doc. # 1, 7). Notably, these Habeas Application forms clearly informed the Applicant of the need to exhaust each claim. In particular, for each claim asserted, the form specifically inquires as to "how [Applicant] ha[s] exhausted state court remedies for this claim." (*See, e.g.*, Doc. # 7 at 5, 6). Thus, at the very least, Applicant became aware of the exhaustion requirement by the time he filed his Original Habeas Application on February 18, 2009, more than two months before the April 27 deadline to appeal the Motion to Dismiss. Obviously, Applicant was aware of the state's appellate procedures when he

appealed his conviction[6] (Doc. # 14-5), as well as the trial and appellate court's denial of his Post-Conviction Motion (Doc. # 21-3, 21-5).  Based on the foregoing, counsels' ineffectiveness or limited representation had nothing to do with Applicant's ability to fully-exhaust his claims.  Applicant either knew or should have known about the exhaustion requirement.

  **B. Applicant Has Failed to Demonstrate that a Fundamental Miscarriage of Justice Will Result.**

  As J. Weinshienk already determined, Applicant has not demonstrated that a fundamental miscarriage of justice will result if the Court does not consider the unexhausted claims.  (Doc. # 23 at 8.)  The fundamental miscarriage of justice exception arises only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496.  To invoke a fundamental miscarriage of justice exception, a petitioner "must provide[ ] the court with a colorable showing of factual innocence."  *Beavers v. Saffle*, 216 F.3d 918, 928 n.3 (10th Cir. 2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).  To demonstrate a "fundamental miscarriage of justice," Applicant must support his allegations of constitutional error with new reliable evidence (*e.g.*, exculpatory, scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial) that demonstrate "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Schlup v. Delo*, 513 U.S. 298, 324, 327

---

[6] That a State Public Defender represented Applicant on the appeal of his conviction does not change the Court's analysis.

(1995).  Here, Applicant has not made a "colorable showing of factual innocence". Based on the Court's review of the record, the Court finds no factual allegations supporting Applicant's claim that would sustain invoking the narrow miscarriage of justice exception to procedural default.

Accordingly, it is ORDERED that Applicant's Motion to Reconsider (Doc. # 27) and Supplement to Motion (Doc. # 29) are DENIED.  It is FURTHER ORDERED that Senior Judge Zita L. Weinshienk's August 20, 2009 Order (Doc. # 23) is AFFIRMED; Claim 1 (Fourth Amendment violation), the ineffective assistance of counsel portion of Claim 3 (Sixth Amendment violation), Claim 4 (Eighth Amendment violation), and the Due Process and Equal Protection portion of Claim 5 (Fourteenth Amendment violation) REMAIN DISMISSED as procedurally barred.

DATED:   15  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge